UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

Howard Stephen Snyder
            Plaintiff,
                    v.                    Civil Action No.      3:12CV-659-S
Third Street Dive
            Defendant.

COMPLAINT

COMES NOW the Plaintiff, Howard Stephen Snyder, represented by counsel, Ruth E. Lerner, for a complaint against the Defendant above named, states, alleges, and avers as follows:

JURISDICTION

1.  This Court has subject matter jurisdiction under 28 U.S.C. sections 1331 and 1343.

2.  This action is commenced pursuant to 2201 and 2202 and 42 U.S.C., section 1983.

GENERAL ALLEGATIONS

3.  The Plaintiff, Howard Stephen Snyder is a citizen of the Commonwealth of Kentucky, United States of America.

4.  Defendant, Third Street Dive, owns and at all times pertinent to the complaint has owned a commercial business, operating as a bar serving food or drink at 442 South Third Street, Louisville, KY 40202.

5.  Plaintiff, Howard Stephen Snyder, is an individual with a disability that has caused a mobility impairment.  Plaintiff, Howard Stephen Snyder, uses a motorized wheelchair for mobility. Plaintiff, Howard Stephen Snyder, wants to access Defendant's establishment, but the establishment is inaccessible to persons using wheelchairs.

5a.  On or about June 8, 2012, Plaintiff, Howard Stephen Snyder, attempted to inform the owner of Defendant, Third Street Dive, at 442 South Third Street, Louisville, KY 40202, about the requirements of the Americans with Disabilities Act, and the owner retaliated by verbally denying Plaintiff access to the business premises, although Plaintiff had a portable ramp which he could have utilized to get into the business premises.

6. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, establishing the most important civil rights law for persons with disabilities in our country's history.

7. The Congressional statutory findings include:

> a. "some 43,000,000 Americans have one of more physical or mental disabilities . . .;
>
> b. "historically, society has tended to isolate and segregate individuals with disabilities and despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;
>
> c. "discrimination against individuals with disabilities ties persists in such critical areas as . . . public accommodations;
>
> d. "individuals with disabilities continually encounter various forms of discrimination, including . . . the discriminatory effects of architectural . . . barriers …
>
> e. "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity . . . to pursue those opportunities for which our free society is justifiably famous . . . ."42 U.S.C. § 12101(a).

8. Congress went on to state explicitly the purpose of the Americans with Disabilities Act to be:

> a. "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> b. "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and
>
> c. "to invoke the sweep of Congressional authority . . . to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. §12101(b).

9. Congress gave commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.

10. Nevertheless, Defendant, Third Street Dive, at 442 South Third Street, Louisville, KY 40202, has not eliminated the step at its front entrance that prevents persons using wheelchairs from entering this commercial establishment. A photo of the barrier is attached as Exhibit A.

11. One of the most important parts of the Americans with Disabilities Act is Title III, known as the "Public Accommodations and Services Operated by Private Entities." 42 U.S.C. § 12181.

12. Congress included a "a restaurant, bar, or other establishment serving food or drink" as a public accommodation covered by the Act. 42 U.S.C. § 12181(7)(B).

13.  Defendant's business at 442 South Third Street, Louisville, KY 40202 is a bar serving food or drink.

14.  As relevant to the present action, discrimination includes, "a failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

15.  The United States Department of Justice, in promulgating the federal regulations to implement this Act, defines "readily achievable" to mean "easily accomplishable and able to be carried out without much difficulty or expense," including the installation of an entrance ramp or whatever is needed.  28 C.F.R. § 36.304(a) - (c).

16.  Other commercial facilities similar to the Defendant's have made similar modifications, like what we ask here.  Defendant could easily make its business accessible but has chosen not to comply with the Americans with Disabilities Act.

17.  To assist businesses with complying with the ADA, Congress has enacted a tax credit for small businesses and a tax deduction for all businesses.  *See* Section 44 and 190 of the IRS Code.  An eligible small business is allowed a tax credit equal to 50% of the amount of the eligible access expenditures between $250 and $10,500 for any tax year.  A business that removes architectural barriers, e.g., by modifying ramps, grading, entrances, doors and doorways, may receive an annual tax deduction of up to $15,000 each year.

18.  Plaintiff wants to do business in the defendant's bar.

19.  The action of the owner of Defendant, Third Street Dive, in verbally denying Plaintiff access to his business premises after he informed him about the requirements of the Americans with Disabilities Act constitutes retaliation, in violation of the Americans with Disabilities Act, § 503(a), 42 U.S.C. § 12203(a); and the Civil Rights Act of 1964, § 701 et seq., 42 U.S.C. § 2000e, *et seq.*

FIRST CLAIM OF RELIEF

20.  Pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the federal regulations promulgated pursuant to this Act, 28 C.F.R. §36.304, Defendant was to make the commercial facility at 442 South Third Street, Louisville, KY 40202, accessible by January 26, 1992.  To date, Defendant has not.

20. By failing to remove the architectural barrier where such removal is readily achievable, Defendant discriminates against Plaintiff and violates the Americans with Disabilities Act.

SECOND CLAIM OF RELIEF

21.  Pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12203(a), and the Civil Rights Act of 1964, § 701, *et seq.*, 42 U.S.C. § 2000e, *et seq.*, the action of the owner of Defendant in

verbally denying Plaintiff access to his business premises after he was informed about the requirements of the Americans with Disabilities Act constituted retaliation.

WHEREFORE, Plaintiff, Howard Stephen Snyder, prays that the Court issue an injunction enjoining the Defendant from continuing its discrimination and that the Court award Plaintiff such additional or alternative damages and relief as may be just, proper, and equitable, including costs and attorney's fees.

Respectfully submitted,

Dated: October 15, 2012                  /s/ Ruth E. Lerner, Esq.

Ruth E. Lerner
Lerner Law Office
310 West Liberty Street
Suite 412
Louisville, KY 40202

CERTIFICATE OF SERVICE

I hereby declare that on this 15th day of October, 2012, I electronically filed a true and accurate copy of the foregoing document to Defendant, Third Street Dive, 442 South Third Street, Louisville, KY 40202, via Defendant's registered agent RILEY & THOMAS, PLLC, 310 West Liberty Street, Suite 710, Louisville, KY 40202 postage prepaid, via United States Certified Mail, return receipt requested.

/s/ Ruth E. Lerner