UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

HOWARD STEPHEN SNYDER                                                      PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:12-CV-00659-CRS

LADY SLINGS THE BOOZE, LLC                                                DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on the following motions:

1) a motion for summary judgment (DN 30) filed by Defendant Lady Slings the Booze, LLC ("Defendant"), against Plaintiff Howard Stephen Snyder ("Plaintiff");
2) a motion for partial summary judgment (DN 27) filed by Plaintiff against Defendant.

For the reasons set forth below, the court will deny the motions for summary judgment.

## BACKGROUND

Unless otherwise indicated, the following facts are undisputed. Plaintiff suffers from muscular dystrophy, a neurological disease which has caused significant mobility impairment requiring that he use a motorized wheelchair. On June 8, 2012, Plaintiff attempted to gain access to "Third Street Dive," a bar owned by Defendant, but was unable to negotiate the four-inch step barrier separating the sidewalk from the saloon. Upon inquiry of the manager, Plaintiff was informed that there was no ramp he could use to enter the premises. Although Plaintiff had a portable ramp in his vehicle which he could have used to enter the bar, the manager refused to allow him to enter. While Plaintiff claims that he was refused entry due to his allegation that the

1

step barrier violated the Americans with Disabilities Act ("ADA"), Defendant claims that Plaintiff was refused entry because he appeared intoxicated, behaved belligerently, and refused to pay the bar's cover charge.

## PROCEDURAL HISTORY

On October 15, 2012, Plaintiff filed the present action alleging discrimination and retaliation in violation of the ADA. On September 15, 2013, Plaintiff moved for partial summary judgment (DN 27) on his ADA discrimination claim, arguing that there was no genuine dispute that the step barrier violated the ADA. On October 22, 2013, Defendant moved for summary judgment on both the discrimination and the retaliation claim, arguing that: 1) the step barrier did not violate the ADA to the extent that its removal was not readily achievable; and 2) Plaintiff was not retaliated against because he was not denied admission to the bar because of his disability or his allegation that the step barrier violated the ADA, but rather because of his refusal to pay a cover charge and his allegedly intoxicated and belligerent behavior.

Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the motions for summary judgment.

## STANDARD

Before granting a motion for summary judgment, the Court must find that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of establishing the nonexistence of any issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), a burden which may only be satisfied by "citing to particular parts of materials in the record..." or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). If the moving party satisfies this burden, the burden of

production shifts to the non-moving party, who must then identify evidence demonstrating the existence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 322.

In resolving a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If the non-moving party fails to satisfy its burden of counterproduction, the court must grant the motion for summary judgment.

## DISCUSSION

**i. Defendant's Motion for Summary Judgment**

*a. ADA Discrimination*

Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation. 42 U.S.C. § 12182(a). A Title III claim requires a plaintiff to establish that: (1) he or she is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of 42 U.S.C. § 12182(b)(2)(A). Under the ADA, "discrimination includes... a failure to remove architectural barriers... in existing facilities... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Thus, to succeed on an ADA claim of discrimination based on the failure to remove an architectural barrier, the plaintiff must prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier

3

prohibited under the ADA, and (2) the removal of the barrier is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv); *see also Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000); *Pascuiti v. New York Yankees*, No. 98 CIV. 8186(SAS), 1999 WL 1102748, at * 5 (S.D.N.Y. Dec.6, 1999); *Gilbert v. Eckerd Drugs*, No. CIV. A. 97–3118, 1998 WL 388567, at *2 (E.D.La. July 8, 1998). As defined by 42 U.S.C. § 12181(9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." However, even if an entity can demonstrate that the removal of a barrier is not readily achievable, discrimination also includes failure to make such facilities available through alternative methods "if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(v).

Because Defendant does not contest that Third Street Dive is a place of public accommodation, or that Plaintiff's disability entitles him to the protection of the ADA, the sole remaining issue is whether Defendant's failure to remove the architectural step barrier constituted discrimination within the meaning of 42 U.S.C. § 12182(b)(2)(A)(iv). According to Defendant, summary judgment is warranted with respect to Plaintiff's ADA discrimination claim because:

1) the step barrier is not an "architectural barrier" within the meaning of 42 U.S.C. § 12182(b)(2)(A)(iv);

2) the removal of the step barrier is not "readily achievable" within the meaning of 42 U.S.C. § 12182(b)(2)(A)(iv);

3) even if removal of the step barrier were readily achievable, the alternative accommodation of having employees ready, willing, and able to assist wheelchair-bound patrons negotiate the barrier constitutes a reasonable accommodation under the ADA.

In response, Plaintiff argues that removal of the step barrier is readily achievable via the use of a temporary portable ramp which could be set up on demand whenever a handicap patron required assistance. Furthermore, Plaintiff argues that having employees ready, willing, and able to assist

wheelchair-bound patrons is not a reasonable accommodation under the ADA because it is inherently unsafe and does not account for patrons with heavy, motorized wheelchairs.

The Court will begin by addressing Defendant's argument that the step barrier is not an "architectural barrier" within the meaning of 42 U.S.C. § 12182(b)(2)(A)(iv). Although not specifically defined in the ADA, the term "architectural barrier" has consistently been interpreted to mean an access barrier which fails to comply with the requirements of the ADA. *See Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d at 1086–88; *Pascuiti*, 87 F. Supp. 2d at 226. Specifically, the Department of Justice considers "any element in an existing facility that does not meet or exceed ADAAG Standards to be a barrier to access." *Pascuiti*, 87 F. Supp. 2d at 225. Accordingly, in order for its argument to have merit, Defendant bears the burden of demonstrating that the step barrier complied with the requirements of the ADA. Pursuant to its authority under 42 U.S.C. § 12186(b), the Attorney General has promulgated regulations adopting the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"), which are codified at 28 C.F.R. Part 36, App. A. The ADAAG Standards provide that "[t]hresholds at doorways shall not exceed 3/4 in (19 mm) in height for exterior sliding doors or 1/2 in (13 mm) for other types of doors" and that "[c]hanges in level greater than 1/2 in (13 mm) shall be accomplished by means of a ramp that complies with [ADAAG Standards] 4.7 or 4.8." ADAAG Standards 4.13.8, 4.5.2. Because the step barrier at Third Street Dive is at least four inches high, the ADA requires either removal or the addition of a slope meeting ADAAG regulations. Accordingly, the Court concludes that the step barrier constituted an "architectural barrier" which was required to be removed if such removal was "readily achievable."

According to Defendant, there is no genuine dispute that removal of the step barrier is not "readily achievable" because it was denied a building permit for a permanent ramp on the

grounds that it would be "technically infeasible" and would present a tripping hazard to pedestrians. While conceding that a permanent ramp would not be readily achievable, Plaintiff counters that there are several alternative accommodations that would have avoided these problems. Specifically, Plaintiff suggests that a portable ramp could have been temporarily used to assist wheelchair-bound patrons gain access to the bar. Because the ramp could be removed immediately afterwards, Plaintiff argues that it would not pose a safety hazard or otherwise be technically infeasible.

Assuming *arguendo* that Defendant has adequately established that a permanent ramp would not be "readily achievable," 42 U.S.C. § 12182(b)(2)(A)(v) provides that "where an entity can demonstrate that the removal of a barrier… is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods" constitutes discrimination "if such methods are readily achievable." Accordingly, in discharging its burden of demonstrating the absence of a genuine dispute regarding all material facts, Defendant must establish not only that the permanent ramp is not readily achievable, but also that any possible alternative accommodations are likewise not readily achievable. Far from demonstrating the Plaintiff's suggested alternative is not readily achievable, Defendant's response consists exclusively of its argument that having employees ready, willing, and able to assist wheelchair-bound patrons constitutes a sufficient accommodation under the ADA. By failing to adequately respond to Plaintiff's suggestion that a temporary, portable ramp could be substituted for a permanent ramp, the Court concludes that Defendant has failed to carry its burden of establishing that there are no alternative accommodations which are readily achievable.

Defendant's only remaining argument is that its alternative accommodation of having employees ready, willing, and able to assist wheelchair-bound patrons negotiate the barrier complies with the requirements of the ADA. In its briefs, however, Defendant has failed to provide legal authority demonstrating the absence of a genuine dispute of material fact regarding the sufficiency of its alternative accommodation. Without supporting legal authority, the Court concludes that summary judgment on this ground is inappropriate.

For the foregoing reasons, the motion for summary judgment will be denied with respect to Plaintiff's ADA discrimination claim.

*b. ADA Retaliation*

Defendant argues that summary judgment is appropriate with respect to Plaintiff's ADA retaliation claim because the only reasons Plaintiff was denied access to the premises were: 1) his refusal to pay the cover charge; and 2) his allegedly intoxicated and belligerent behavior. In response, Plaintiff argues that he was more than willing to pay the cover charge and was not intoxicated or belligerent on the day in question.

After reviewing the record, the Court concludes that summary judgment is not warranted on Plaintiff's ADA retaliation claim. In his response to Defendant's Requests for Admissions, Plaintiff denied having refused to pay the cover charge. (DN 31-1, at 6). To the contrary, Plaintiff indicated that he "was fully prepared to pay the entrance fee." (DN 31-1, at 6). Similarly, in response to Defendant's Interrogatory asking whether Plaintiff had consumed any drinks prior to visiting Third Street Dive, Defendant responded that he had consumed "no drinks or other substances that altered his perception, character or conduct" on the day in question. (DN 31-1, at 3). Because there clearly remains a genuine dispute of fact regarding the reason for which Plaintiff was denied access to the bar, the Court concludes that summary judgment is not

warranted with respect to Plaintiff's ADA retaliation claim. Accordingly, the motion for summary judgment will be denied.

**ii. Plaintiff's Motion for Partial Summary Judgment**

According to Plaintiff, partial summary judgment is warranted with respect to his ADA discrimination claim because there is no genuine dispute that the step barrier did not comply with the requirements of the ADA. As explained by Plaintiff:

> Defendant's establishment is a public accommodation that violates Title III of the ADA because its main entrance is inaccessible to people who use wheelchairs. There is no dispute as to the material facts of this matter as they relate to Defendant's premises being out of compliance with the requirements of the ADA. In fact, Defendant agrees that on, or about, June 8, 2012:
>
> - He was operating a public accommodation, as defined by the ADA
> - That the main entrance to the business had/has a step up of several inches
> - That the premises have been altered since the ADA came into effect in January 26, 1992
> - That Defendant, himself, has made alterations to the premises
> - That the premises did not have a ramp or portable ramp available on the day Plaintiff wished to do business at Defendant's establishment
> - That purchase of a portable ramp is readily achievable at some cost – i.e. "easily accomplishable and able to be carried out without much difficulty or expense".
>
> Defendant's argument that some patrons in lightweight manual wheelchairs can gain access with some exertion and effort is specious and without merit. The ADA requires access be via a pathway that is continuous and unobstructed. Clearly a 4.5-inch step up constitutes an obstruction, easily remedied by the purchase of a ramp.
>
> Therefore, the record is undisputed that Defendant was in violation of Title III of the ADA…

(Mot. for Partial Summ. J., DN 27, at 5–6) (alterations to original).

Although the above-listed facts, if established, could potentially be sufficient to warrant partial summary judgment on his ADA discrimination claim, Plaintiff fails to support these allegations with citations to evidentiary material contained in the record. Fed. R. Civ. P. 56(c)(1) provides that:

> A party asserting that a fact cannot be… genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

By omitting references to supporting evidentiary material, Plaintiff has wholly abdicated his duty to cite materials in the record supporting his allegations that Defendant discriminated against him in violation of the ADA. Because Rule 56(c)(1) clearly mandates such evidentiary support, the Court concludes that Plaintiff has failed to satisfy his burden of demonstrating that summary judgment is warranted with respect to his ADA discrimination claim. Accordingly, the motion for partial summary judgment will be denied.

A separate order will be entered in accordance with this opinion.

Charles R. Simpson III, Senior Judge
United States District Court

May 21, 2014