UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

HOWARD STEPHEN SNYDER                                    PLAINTIFF


v.                                          CIVIL ACTION NO. 3:12-CV-00659-CRS


LADY SLINGS THE BOOZE, LLC                                DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on the following motions:

1) a renewed motion for partial summary judgment (DN 37) filed by Plaintiff Howard Stephen Snyder ("Plaintiff") against Defendant Lady Slings the Booze, LLC ("Defendant");
2) a motion to strike the renewed motion for partial summary judgment (DN 38) filed by Defendant;
3) a motion filed by Defendant for extension of time (DN 39) to file a response to Plaintiff's motion for partial summary judgment;
4) a motion to revise his original motion for partial summary judgment (DN 46) filed by Plaintiff.

For the reasons set forth below, the court will grant the motion for extension of time and hold the

renewed motion for partial summary judgment in abeyance pending receipt of Defendant's

response thereto. All of the other motions submitted for decision will be denied as moot.

## BACKGROUND

Unless otherwise indicated, the following facts are undisputed. Plaintiff suffers from

muscular dystrophy, a neurological disease which has caused him to suffer significant mobility

impairment requiring that he use a motorized wheelchair. On June 8, 2012, Plaintiff attempted to

gain access to "Third Street Dive," a bar owned by Defendant, but was unable to negotiate the

four-inch step barrier separating the sidewalk from the saloon. Upon inquiry of the manager, Plaintiff was informed that there was no ramp he could use to enter the premises. Although Plaintiff had a portable ramp in his vehicle which he could have used to enter the bar, the manager refused to allow him to enter. While Plaintiff claims that he was refused entry due to his allegation that the step barrier violated the Americans with Disabilities Act ("ADA"), Defendant claims that Plaintiff was refused entry because he appeared intoxicated, behaved belligerently, and refused to pay the bar's cover charge.

## PROCEDURAL HISTORY

On October 15, 2012, Plaintiff filed the present action alleging discrimination and retaliation in violation of the ADA. On September 15, 2013, Plaintiff moved for partial summary judgment (DN 27) on his ADA discrimination claim, arguing that there was no genuine dispute that the step barrier violated the ADA. On October 22, 2013, Defendant moved for summary judgment on both the discrimination and the retaliation claim, arguing that: 1) the step barrier did not violate the ADA to the extent that its removal was not readily achievable; and 2) Plaintiff was not retaliated against because he was not denied admission to the bar because of his disability or his allegation that the step barrier violated the ADA, but rather because of his refusal to pay a cover charge and his allegedly intoxicated and belligerent behavior.

On May 21, 2014, we denied both motions for summary judgment. (DN 34). With respect to the motion for summary judgment filed by Defendant, we held that there remained a genuine dispute of material fact regarding whether the alternative accommodation of having a temporary, portable ramp for use by wheelchair-bound patrons was "readily achievable" within the meaning of the ADA. (DN 34 at 6). With respect to the motion for partial summary judgment filed by Plaintiff, we held that summary judgment was inappropriate because Plaintiff had failed to

support his motion with citations to materials contained in the record as required by FED. R. CIV. P. 56(c). (DN 34 at 9).

On June 3, 2014, Plaintiff filed a renewed motion for partial summary judgment supported by citations to the record. (DN 37). On June 9, 2014, Defendant filed a motion to strike the renewed motion for summary judgment on the grounds that Plaintiff had failed to obtain the Court's permission to do so in accordance with FED. R. CIV. P. 56(e). (DN 38). Alternatively, Defendant filed a motion for an extension of time to file its response to the renewed motion for summary judgment. (DN 39). Apparently in response to Defendant's argument that Plaintiff was required to obtain the Court's permission prior to submitting a renewed motion for summary judgment, on July 6, 2014, Plaintiff filed a motion to amend his original motion for summary judgment to permit the addition of citations to materials contained in the record. (DN 46).

Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the motions submitted for decision.

**STANDARD**

Before granting a motion for summary judgment, the Court must find that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of establishing the nonexistence of any issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), a burden which may only be satisfied by "citing to particular parts of materials in the record..." or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). If the moving party satisfies this burden, the burden of

3

production shifts to the non-moving party, who must then identify evidence demonstrating the existence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 322.

In resolving a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If the non-moving party fails to satisfy its burden of counterproduction, the court must grant the motion for summary judgment.

## DISCUSSION

Once a dispositive motion has been ruled upon, it is within the court's discretion whether to consider a second motion concerning the same subject matter and seeking the same relief. *See Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D. N.Y. 2004) (citing *Wechsler v. Hunt Health Sys., Ltd.*, 198 F.Supp.2d 508, 514 (S.D. N.Y. 2002)). Generally, however, "A party may renew its motion for summary judgment as long as it is supported by new material." *Wechsler v. Hunt Health Sys., Ltd.*, 198 F.Supp.2d 508, 514 (S.D. N.Y. 2002)). Here, because Plaintiff's renewed motion for partial summary judgment is supported by new material to the extent that it contains citations to the record which were absent from his original motion from summary judgment, the Court will exercise its discretion in favor of considering the renewed motion for partial summary judgment. Accordingly, the Court will accept the filing of

Plaintiff's renewed motion for summary judgment and will therefore deny as moot Defendant's motion to strike and Plaintiff's motion to amend his original motion for summary judgment.

Given that Defendant has yet to substantively respond to the motion for summary judgment, the Court will grant Defendant's motion for an extension of time to respond. Accordingly, the renewed motion for partial summary judgment will be held in abeyance pending the receipt of Defendant's response thereto and Plaintiff's reply, if any.

A separate order will be entered in accordance with this opinion.

**Charles R. Simpson III, Senior Judge**
**United States District Court**

August 18, 2014